J-S68012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
MELVIN WALLACE AMOS, SR. :
:
Appellant : No. 463 WDA 2019

Appeal from the PCRA Order Entered March 11, 2019
In the Court of Common Pleas of Mercer County Criminal Division at
No(s):  CP-43-CR-0001559-2015

BEFORE:  GANTMAN, P.J.E., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED FEBRUARY 3, 2020**

Melvin Wallace Amos, Sr. (Amos) appeals from the order of the Court of

Common Pleas of Mercer County (trial court) dismissing his first petition filed

pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.

Counsel for Amos seeks to withdraw from representation and has filed a brief

under ***Anders v. California***, 386 U.S. 738 (1967).  We deny counsel's request

to withdraw and direct counsel to take appropriate action in accordance with

our decision.

**I.**

On August 17, 2015, the Mercer County Drug Task Force applied for a

warrant to search Amos's home at 1140 Fruit Avenue in Farrell, Pennsylvania.

_____

[*] Retired Senior Judge assigned to the Superior Court.

The affidavit of probable cause alleged that a confidential informant (CI) made two controlled purchases of drugs inside the residence, the second one occurring just two days before when the CI bought crack cocaine from Amos. The issuing authority granted the search warrant and, at the request of the Task Force, sealed the affidavit under Pa.R.Crim.P. 211(a). The warrant was executed the next day and resulted in the seizure of two firearms (a Ruger .45 caliber pistol and a Sterling Arms .25 caliber pistol) from a bedroom that also contained Amos's clothing and personal items. Because of a disqualifying conviction, Amos was charged with, among other offenses, two counts of Persons Not to Possess Firearms.[1]

On October 20, 2015, Amos waived his preliminary hearing. At the preliminary hearing, the Commonwealth did not give Amos the sealed affidavit despite the Rules of Criminal Procedure requiring it to do so unless it had filed for an extension, which it had not. *See* Pa.R.Crim.P. 211(H)(1). The Commonwealth again failed to provide Amos with the sealed affidavit at his December 22, 2015 arraignment, the latest an affidavit may remain sealed under the Rules. *See* Pa.R.Crim.P. 211(H)(2). The Commonwealth eventually

---

[1] 18 Pa.C.S. § 6105(a). Amos was also charged with Possession with Intent to Deliver (PWID), 35 P.S. § 780-113(a)(30), and Simple Possession, 35 P.S. § 780-113(a)(16), but the Commonwealth withdrew the PWID charge at the preliminary hearing and did the same for Simple Possession at trial.

provided Amos with the affidavit on April 28, 2016—over six months after it was supposed to do so.

Amos continued the case several times to May 9, 2016, at which time Amos's new attorney—his third at that point—entered his appearance and requested a final continuance. The trial court granted it but scheduled trial for the following month. Two days before trial, on June 13, 2016, trial counsel filed a motion to suppress the firearms, arguing that suppression was warranted based on the Commonwealth failing to timely unseal the search warrant affidavit. He also claimed the warrant lacked probable cause.

Rather than continue the case, the trial court heard the motion on the morning of trial and found there was probable cause to search Amos's home. It also found that suppression was not an appropriate remedy for the Commonwealth failing to timely unseal the affidavit of probable cause. After his motion was denied, Amos proceeded directly to trial and was convicted by a jury of both firearms offenses. He was later sentenced to concurrent four to eight year imprisonment terms. After the denial of post-sentence motions, Amos appealed to this Court to raise, among others, a claim based on **Batson v. Kentucky**, 476 U.S. 79 (1986), but did not challenge the denial of his suppression motion. On December 22, 2017, this Court affirmed the judgment of sentence. **See Commonwealth v. Amos**, 1868 WDA 2016 (Pa. Super. 2017) (unpublished memorandum).

On August 2, 2018, Amos filed a *pro se* PCRA petition alleging that trial counsel was ineffective for (1) not timely obtaining discovery, (2) not challenging the search warrant, and (3) not calling witnesses to establish that Amos did not own the firearms. PCRA counsel was appointed and filed a motion to withdraw stating that Amos's petition was without arguable merit and lacked any factual or legal basis. He further stated that he had sent Amos a "no merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).[2] The trial court granted the withdrawal and informed Amos that he could either proceed *pro se* or hire private counsel.

Amos opted to proceed *pro se* and filed an amended petition. In his petition, he preserved the ineffectiveness claims raised in his initial petition and added a claim alleging that the search warrant lacked probable cause. At a subsequent PCRA conference, Amos made a number of additional complaints not included in his amended petition. First, Amos alleged trial counsel was ineffective for not objecting to the admission at trial of an incriminating jailhouse phone conversation that he had with his daughter. Next, Amos

_____

[2] While counsel stated in the motion that the **Turner/Finley** letter was attached, it is not attached to the motion to withdraw that is included in the record. We are unable to determine whether it was attached to the original motion and simply not included in the record, or whether PCRA counsel failed to attach it to his motion to withdraw.

alleged trial counsel was ineffective for failing to challenge the veracity of the warrant; for not compelling disclosure of the CI's identity; and for not obtaining the search warrant affidavit until a week before the trial.[3]  He also alleged that the police did not give him a copy of the search warrant during its execution.  Finally, Amos argued that trial counsel should have presented a defense that one of the other adults living in the house possessed the firearms, adding that he believed the jury's verdict was against the weight of the evidence.  At the end of the conference, the trial court determined no evidentiary hearing was required to address Amos's issues.

On March 11, 2019, the PCRA court entered an opinion and order dismissing Amos's PCRA petitions and addressing all of the issues raised by Amos in his initial and amended petitions, as well as those issues raised at the PCRA conference.  Amos appealed *pro se* to this Court and, after being ordered to do so, filed his own statement of errors complained of on appeal under Pa.R.A.P. 1925(b).  After the case was transmitted to this Court, Amos applied to the trial court for the appointment of appellate counsel, which it did.  Appellate counsel later filed a motion to withdraw as counsel, alleging that

---

[3] At the conference, the Commonwealth clarified that it had provided the affidavit to Amos's previous attorney on April 28, 2016, which would have been over a month-and-a-half before trial.

Amos's appeal to be wholly frivolous and without merit.[4]  Rather than respond to counsel's **Anders** brief by filing a *pro se* merits brief, Amos applied to have his appeal withdrawn so that he could retain new counsel.  We denied that request.

## II.

Before addressing the issues raised by counsel, we first address whether counsel has satisfied the procedural requirements for withdrawing from representation.  **See Commonwealth v. Muzzy**, 141 A.3d 509, 510 (Pa. Super. 2016) ("Prior to addressing the merits of the appeal, we must review counsel's compliance with the procedural requirements for withdrawing as counsel.").  Preliminarily, we observe that counsel has filed a no-merit brief and separate petition to withdraw under the procedure established in **Anders** and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  Where counsel seeks to withdraw on appeal from the denial of PCRA relief, a **Turner**/**Finley** no-merit letter is the appropriate filing.  However, "[b]ecause an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders** brief in lieu of a **Turner**/**Finley** letter."  **Commonwealth v. Widgins**, 29 A.3d 816, 817 n.2 (Pa. Super. 2011) (citation omitted).

---

[4] Counsel initially filed only an **Anders** brief without also filing a petition to withdraw with an attached notice of rights letter.  This Court issued a rule to show cause order instructing counsel to submit his petition to withdraw as counsel and attach the notice of rights letter that he sent to Amos.  Counsel subsequently complied with our order.

As this Court has explained:

Counsel petitioning to withdraw from PCRA representation must proceed under [**Turner**/**Finley**] and must review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

Where counsel submits a petition and no-merit letter that satisfy the technical demands of **Turner**/**Finley**, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Muzzy**, 141 A.3d at 510-11.

Counsel has complied with the requirements for filing an application to withdraw and states that he has made a conscientious examination of the record, including Amos's initial *pro se* and amended petitions for PCRA relief, and has concluded that the appeal is frivolous. In addition, counsel sent a notice of rights letter, along with his brief, to Amos, contemporaneously with the filing of the application. That letter, which is attached to the application to withdraw, advises Amos of his right to proceed *pro se* or retain new counsel. **See Widgins**, 29 A.3d at 818.

While counsel's application to withdraw and his letter to Amos are compliant with the procedure for withdrawing from representation, his no-

merit brief fails in several facets. First, he fails to detail the nature and extent of his review of the case. By failing to do so, this Court cannot determine whether he has fulfilled his duty to make a full and conscientious examination of the record. If counsel did in fact make such an examination, it is not reflected in his cursory two-page statement of the case that makes no mention of many of the significant factual and procedural details of the case. Among other details, counsel's summary makes no mention of the Commonwealth's failure to provide the sealed search warrant affidavit to Amos under the Rules of Criminal Procedure; trial counsel filing the motion to suppress two days before trial; the trial court's denial of the motion to suppress or its reasoning; initial PCRA counsel's rationale in his *Turner*/*Finley* letter for withdrawing from representation; what issues Amos raised in his amended petition and at the subsequent PCRA hearing; or the PCRA court's reasoning for denying and dismissing Amos's petitions. In the absence of a factual and procedural history reflecting all of these details, we are not assured that counsel has fulfilled his duties under *Turner*/*Finley* to review the record.

Counsel's explanation for his conclusion that Amos's appeal lacks merit is similarly lacking. Counsel raises three issues in his brief, all of which were raised by Amos in his initial *pro se* PCRA petition:

1. Whether trial counsel was ineffective for failing to conduct discovery in a timely and proper manner.

2. Whether trial counsel was ineffective for failing to challenge the search warrant.

3. Whether trial counsel was ineffective for failing, at trial, to call witnesses to verify that the firearms belonged to the homeowner, not the Appellant.

*Anders* Brief at 4.

While Amos's second issue is frivolous on its face because trial counsel did in fact file a motion to suppress (albeit two days before trial), counsel has failed to comply with *Turner*/*Finley* in his discussion of the first and third issues, both of which address whether trial counsel rendered effective assistance of counsel.

In order to prevail on a claim alleging ineffective assistance of counsel, a PCRA petitioner must demonstrate: "(1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness, *i.e.* there is a reasonable probability that but for the act or omission in question the outcome of the proceeding would have been different." *Commonwealth v. Grayson*, 212 A.3d 1047, 1054 (Pa. Super. 2019) (citation and some formatting omitted).

Counsel's analysis of the first issue consists of one paragraph:

There is simply nothing in the record that reflects that trial counsel failed to timely or properly conduct discovery. To the contrary, trial counsel ultimately filed an Omnibus Pretrial Motion challenging the sufficiency and validity of the search warrant that led to the charges and ultimate conviction of Amos. Any such search warrant would have been provided through discovery, so it appears that trial counsel did obtain timely and proper discovery.

*Anders* Brief at 9.

- 9 -

This analysis is insufficient for a number of reasons, chief among them being counsel's limited view of the issue and, as noted above, failing to acknowledge that Amos's first two attorneys never sought to unseal the search warrant affidavit despite being entitled to do so under the Rules of Criminal Procedure. Amos's first attorney failed to obtain the sealed affidavit at the preliminary hearing. Under Pa.R.Crim.P. 211(H)(1), a copy of the sealed affidavit must be given to the defendant unless the Commonwealth has sought an extension for good cause, which it did not do in this case. Next, Amos's counsel also failed to obtain the affidavit at formal arraignment, even though Pa.R.Crim.P. 211(H)(2) states that no affidavit shall remain sealed "beyond the date of the court arraignment." Amos's second attorney finally obtained the sealed affidavit on April 28, 2016, but was then replaced by Amos's trial counsel, who apparently never sought to obtain the affidavit from either prior counsel or the Commonwealth until a week before trial. ***See*** Notes of Suppression Hearing, 6/15/16, at 3.

Besides this significant oversight, counsel fails to analyze whether this ineffectiveness claim has arguable merit or there was a reasonable basis for Amos's attorneys choosing to not obtain the affidavit at any of the allowable opportunities under the Rules of Criminal Procedure. Regardless of whether Amos was actually prejudiced by this failure, it is counsel's duty under ***Tuner***/***Finley*** to explain why his client's ineffectiveness claim lacks merit by

citing to the record the salient facts and then analyzing them under applicable statutes and case law.

We conclude the same concerning the third issue that counsel has listed for review. In his initial *pro se* petition, Amos stated he was seeking to raise an ineffectiveness claim based on the failure to call a potential witness to testify about the recovered firearms, both of which were legally owned by Danielle Dallas, who testified at trial that she was the owner of the firearms. The framework for raising such a claim of ineffectiveness is well-established:

> When raising a claim of ineffectiveness for the failure to call a potential witness, a petitioner satisfies the performance and prejudice requirements of the [ineffective assistance of counsel] test by establishing that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

***Commonwealth v. Sneed***, 45 A.3d 1096, 1108-09 (Pa. 2012) (citations omitted).

Like his analysis of the first issue, counsel's examination consists of a one-page discussion that ignores the framework for examining an ineffectiveness claim and blithely asserts that the issue is meritless because Amos was convicted under a theory of constructive possession. Counsel cites neither facts in the record nor controlling case law in his explanation that the issue is meritless. It is not the job of the reviewing court to explain why and

- 11 -

how the issue lacks merit under *Turner*/*Finley*; instead, it is the duty of counsel to do so in order to withdraw from representation.

In addition to the failure to comply with *Turner/Finley* in regard to the issues discussed, counsel also fails to raise and discuss any of the other issues that Amos has demonstrated throughout the PCRA proceedings that he wishes to be raised. It is well-settled that after zealous, diligent review of the case, PCRA counsel seeking to withdraw must detail each of "the issues which petitioner wants to have reviewed" and explain "why and how those issues lack merit[.]" *Muzzy*, 141 A.3d at 511 (quoting *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007)).

As discussed above, the PCRA court addressed the merits of all of Amos's issues in its opinion denying PCRA relief, including the issues raised in the amended petition and at the PCRA conference. Among others, these issues included trial counsel's effectiveness in regard to the admission of a jailhouse phone conversation; trial counsel's effectiveness in moving to suppress the firearms, as well as the underlying merits of the trial court's denial of the motion; and trial counsel failing to raise any issue with Amos not being provided a copy of the search warrant at the time of execution. That the PCRA court found these issues to be meritless does not alleviate counsel's duty under *Turner*/*Finely* to examine all of the issues that his client wants to be raised and addressed, and then explain how and why they lack merit. By failing to do so, counsel has failed to comply with *Turner*/*Finley*.

Accordingly, because he has failed to fulfill his obligation for withdrawal, we deny counsel's application to withdraw as counsel. We direct counsel to file either an advocate's brief or a ***Turner***/***Finley*** no-merit letter and application to withdraw as counsel, within 30 days.

Application to withdraw as counsel denied. Counsel directed to file an advocate's brief or compliant application to withdraw within thirty 30 days. Panel jurisdiction retained.

Judge Lazarus joins the memorandum.

President Judge Emeritus Gantman concurs in the result.